## KUHLMAN v. W. & A. FLETCHER CO.

Circuit Court of Appeals, Third Circuit.
June 29, 1927.

No. 3606.

**1. Admiralty ⊜⊃20—Ship carpenter's injury while repairing completed ship in navigable waters of United States, due to employer's negligence, is "maritime tort."**

Injury inflicted on ship's carpenter while repairing completed vessel afloat in navigable waters of United States, due to negligence of employer in furnishing unsafe place to work, without experienced superintendent, and in employing inexperienced fellow workmen, *held* "maritime tort," and rights and liabilities of parties are governed by maritime law.

[Ed. Note.—For other definitions, see Words and Phrases, Maritime Tort.]

**2. Seamen ⊜⊃29(5)—Ship's carpenter, suing for maritime tort on law side of federal court, held not entitled to amend pleadings to state cause in admiralty (Act March 4, 1915, § 20, as amended by Act June 5, 1920, § 33 [Comp. St. § 8337a], authorized by Const. art. 3, § 2, art. 1, § 8; Judiciary Act).**

Where ship's carpenter, suing for injury while repairing completed vessel afloat in navigable waters of United States, which was maritime tort, brought action on law side of federal court, refusal to allow amendment to state cause in admiralty *held* not error, in view of Act March 4, 1915, § 20, as amended by Act June 5, 1920, § 33 (Comp. St. § 8337a), authorized by Const. art. 3, § 2, art. 1, § 8, notwithstanding Judiciary Act 1789 (1 Stat. 76, 77).

**3. Seamen ⊜⊃29(5)—Injured ship's carpenter cannot commingle rights under statute authorizing action at law and under statute giving admiralty court jurisdiction of maritime torts (Act March 4, 1915, § 20, as amended by Act June 5, 1920, § 33 [Comp. St. § 8337a]; Judiciary Act).**

Ship's carpenter, injured while repairing completed ship in navigable waters of United States, cannot commingle rights under Act March 4, 1915, § 20, as amended by Act June 5, 1920, § 33 (Comp. St. § 8337a), authorizing personal injury action at law and under Judiciary Act 1789 (1 Stat. 76, 77), giving admiralty court jurisdiction of maritime torts; but such rights must be asserted separately in forum which has jurisdiction of them respectively.

**4. Seamen ⊜⊃29(5)—Injured ship's carpenter held to have elected to sue at law rather than in admiralty, where facts pleaded brought case within statute authorizing action at law (Act March 4, 1915, § 20, as amended by Act June 5, 1920, § 33 [Comp. St. § 8337a]).**

Where facts as pleaded in action by ship's carpenter for personal injuries while repairing completed ship in navigable waters of United States brought case within Act March 4, 1915, § 20, as amended by Act June 5, 1920, § 33 (Comp. St. § 8337a), authorizing action at law for seaman's personal injury, such statute was invoked without reference to it, and plaintiff had elected to institute suit at law rather than in admiralty.

20 F.(2d)—30

**5. Seamen ⊜⊃29(5)—Federal court has jurisdiction of law action for personal injuries sustained by ship's carpenter repairing completed vessel in navigable waters of United States; "seaman;" "sailor" (Merchant Marine Act, § 20, as amended by Act June 5, 1920, § 33 [Comp. St. § 8337a]).**

Ship's carpenter, injured while repairing completed vessel in navigable waters of United States, *held* to have right to redress under general maritime law, including Merchant Marine Act, § 20, as amended by Act June 5, 1920, § 33 (Comp. St. § 8337a), authorizing action at law, for though not "sailor," plaintiff was "seaman," within statute.

[Ed. Note.—For other definitions, see Words and Phrases, First Series, Sailor; First and Second Series, Seaman.]

**6. Seamen ⊜⊃29(5)—Federal court has jurisdiction of ship's carpenter's personal injury action, regardless of citizenship "any;" "every" (Act March 4, 1915, § 20, as amended by Act June 5, 1920, § 33 [Comp. St. § 8337a]; Judicial Code, § 24 [U. S. C. tit. 28, § 41; Comp. St. § 991]).**

Federal court *held* to have jurisdiction of personal injury action by ship's carpenter, injured while repairing completed vessel in navigable waters of United States, without regard to his citizenship, since Act March 4, 1915, § 20, as amended by Act June 5, 1920, § 33 (Comp. St. § 8337a), giving "any" seaman authority to sue at law, applies to "every" seaman, and requirement of federal court's jurisdiction of such action is exclusive of that previously and generally imposed by Judicial Code, § 24 (U. S. C. tit. 28, § 41; Comp. St. § 991).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Any; Every.]

In Error to the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Action by Henry Kuhlman against the W. & A. Fletcher Company, in which a motion to amend the complaint was denied. Judgment of nonsuit, and plaintiff brings error. Reversed, with directions.

Frederic B. Scott, of New York City, for plaintiff in error.

John A. Hartpence, of Jersey City, N. J. (Wall, Haight, Carey & Hartpence, of Jersey City, N. J., of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The plaintiff, an employee of the defendant, sustained injuries when at work on the repair of a ship, and, within two years, brought this action for damages on the law side of the District Court, charging the defendant with negligence in several respects. Later, he moved for leave to amend his complaint.

"(a) By entitling the same 'In Admiralty';

"(b) By designating said pleading as a 'libel';

"(c) By pleading and particularizing the allegations contained in the same to conform to the practice and principles of admiralty pleading";

—and gave his adversary notice that if the court should allow the amendments he would make a further motion that the cause be transferred to the admiralty side of the court.

The plaintiff based his motion to amend on section 954 of the Revised Statutes (Comp. Stat. 1916, § 1591, p. 3180). The court, construing that provision as mandatory only when the pleading sought to be amended is defective "for want of form" and not when the amendment would change the nature of the action and require different proof or a different measure of damages, denied the motion, relying on American Mills Co. v. Hoffman (C. C. A. 2d) 275 F. 285, and Procter & Gamble Co. v. Powelson (C. C. A. 2d) 288 F. 299, without commenting on The Sarah, 8 Wheat. 391, 5 L. Ed. 644.

In due time the case was called for trial and a jury drawn. The plaintiff renewed his motion for leave to amend, which the court again denied; and, it appearing that both parties were citizens of the state of New Jersey, the court—first expressing itself without "jurisdiction as a court of law"—entered judgment of nonsuit. To that judgment the plaintiff directs this writ of error, charging by appropriate assignments two errors: One, the court's denial of leave to amend the complaint; the other, its dismissal of the suit.

For reasons different from those of the trial court, to be stated presently, we find no error in its refusal to allow an amendment; and, for reasons which we shall give at length, we find error in the court's statement that it had not jurisdiction of the case and, accordingly, in its action in entering a judgment of nonsuit.

[1] It is important first to determine the precise subject matter of this suit. The complaint discloses it in a few terse words as follows:

"That the defendant * * * was engaged in the building and repairing of steamships used and operated in the navigable waters of the United States. * * * That * * * the plaintiff was employed * * * by the defendant * * * as a ship's carpenter. That * * * the said defendant * * * had in its charge and was repairing at a dock in the Hudson river, forming a part of the shipbuilding plant of the said defendant, a certain steamship known as the 'Western Front.' That * * * the plaintiff while employed as aforesaid * * * and working upon and in said steamship 'Western Front' was severely injured. * * * That the negligence of the defendant consisted of the following things,"

—which, abbreviated, were an unsafe place in which to work, absence of an experienced superintendent, an improper and unsafe system of work, and inexperienced fellow-workmen.

It is necessary next to determine the character of the subject matter of the suit, thus pleaded. Assuredly, it was a tort. But that is not enough, for we must ascertain the kind of tort. The Supreme Court has said that an injury inflicted upon a workman while repairing a completed vessel afloat in navigable waters of the United States, and due to negligence of his employer, is a maritime tort. Robins Dry Dock & Repair Co. v. Dahl, 266 U. S. 449, 457, 45 S. Ct. 157, 69 L. Ed. 372; Carlisle Packing Co. v. Sandanger, 259 U. S. 255, 42 S. Ct. 475, 66 L. Ed. 927. As that definition reads precisely on the facts pleaded, we hold the tort in suit was maritime. That being so, the rights and liabilities of parties to such a tort arise out of and depend on general maritime law. Robins Dry Dock & Repair Co. v. Dahl, supra. As the plaintiff-employee has asserted certain rights and the defendant-employer has resisted them by denying liability, we must next inquire what was the general maritime law at the time this maritime tort was committed.

[2] The tort occurred on August 4, 1920. At that time and long prior thereto (Judiciary Act of 1789, 1 Stat. 76, 77), courts of admiralty—federal District Courts on their admiralty side—had exclusive jurisdiction of maritime torts, which an injured seaman might invoke against the ship and its owner by an action in rem, triable to the court, and recover indemnity for injuries he had sustained in consequence of unseaworthiness of the ship, or of a failure to supply and keep in order its proper appliances. The Osceola, 189 U. S. 158, 23 S. Ct. 483, 47 L. Ed. 760; The West Jester (D. C.) 281 F. 877, 878; or, when injured in the service of the ship, whether through negligence or by accident, he could recover his wages (in some instances) and his expenses of maintenance and cure, Chelentis v. Luckenbach S. S. Co., 247 U. S. 372, 38 S. Ct. 501, 62 L. Ed. 1171; Carlisle Packing Co. v. Sandanger, 259 U. S. 255, 258, 259, 42 S. Ct. 475, 66 L. Ed. 927. For a

long time this was the only remedy afforded seamen by maritime law, and a court of admiralty was the only forum open to them for the redress of maritime wrongs. As article 3, § 2, of the Constitution extends the judicial power of the United States "to all cases of admiralty and maritime jurisdiction," and article 1, § 8, confers upon the Congress power "to make all laws which may be necessary and proper for carrying into execution the foregoing powers," the Supreme Court, in Southern Pacific Co. v. Jensen, 244 U. S. 205, 215, 37 S. Ct. 524, 528 (61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900), and again in Chelentis v. Luckenbach S. S. Co., supra, announced "as settled doctrine that in consequence of these provisions Congress has paramount power to fix and determine the maritime law which shall prevail throughout the country." Panama R. R. Co. v. Johnson, 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748.

Pursuant to that power the Congress, by Act of June 5, 1920, c. 250, § 33 (41 Stat. 988, 1007), amending the Act of March 4, 1915, c. 153, § 20 (38 Stat. 1185), Comp. Stat. 1923 Supp. § 8337a, p. 2390—two months before the tort in suit—provided that "any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury," and by express words made applicable to such suits "all statutes of the United States modifying or extending the common law right or remedy in cases of personal injury to railway employees." These include the Federal Employers' Liability Act (Comp. St. §§ 8657–8665); Second Employers' Liability Cases, 223 U. S. 1, 49, 32 S. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; International Stevedoring Co. v. Haverty, 272 U. S. 50, 52, 47 S. Ct. 19, 71 L. Ed. ——, which alters this rule of The Osceola supra, Baltimore Steamship Co. v. Phillips, 274 U. S. ——, 47 S. Ct. 600, 71 L. Ed. ——, decided May 16, 1927.

[3] This section broadened the maritime law by giving a seaman a new right—a right at law—through proceedings in personam, according to the course of the common law, on the common-law side of federal District Courts. State courts also have like jurisdiction. Engel v. Davenport, 271 U. S. 33, 46 S. Ct. 410, 70 L. Ed. 813. By so doing the Congress did not abrogate his old action in admiralty, but gave him an entirely new action and allowed him a clear option to assert his old action in admiralty on the admiralty side of the district court with trial to the court or to assert his new action, based on negligence, on the law side with right of trial by jury. Panama R. R. Co. v. Johnson, 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748; Engel v. Davenport, 271 U. S. 33, 36, 46 S. Ct. 410, 70 L. Ed. 813. If he elect the latter, he foregoes the advantages which the government extends to seamen as its wards and places himself in the same relation to his employer as a railway employee engaged in interstate commerce bears to his employer, with different yet certain advantages and certain disadvantages. Engel v. Davenport, 271 U. S. 33, 36, 46 S. Ct. 410, 70 L. Ed. 813. These old and new rights may not be commingled, but must be asserted separately in the forum which has jurisdiction of them respectively. The West Jester (D. C.) 281 F. 877, 878.

[4] Which of the two remedies did the plaintiff invoke in this case? Certainly it was not by libel in admiralty, for it was into a court of admiralty he strove to enter by amending the pleadings he had filed in a court of law. Did he elect the action at law afforded him by the Merchant Marine Act of 1920 and institute it on the law side of the District Court? Although he made no formal or verbal election, we think he made one nevertheless; and for these reasons: First, he entitled his suit in that court; and second, consciously or not, he pleaded the statute in pleading his case. Distinguishing between counting on a statute and reciting a statute (as these words are familiarly known to pleaders), he, nevertheless, pleaded the statute by stating his case within its terms, though without mentioning it. Gould's Pl. Ch. 3, Sec. 16, note 3. When the facts as pleaded brought the case within the statute, the statute is invoked without referring to it. Luckenbach S. S. Co. v. Campbell (C. C. A. 9th) 8 F.(2d) 223, 224; and when a seaman invokes the statute by a suit at law pleaded within its terms, the election required by the statute is made by instituting the suit. Hammond Lumber Co. v. Sandin (C. C. A. 9th) 17 F.(2d) 760, 762. Having thus elected the statutory remedy by instituting the suit at law, the plaintiff had no right later to amend his pleadings and transfer his action from the law side of the court to its admiralty side. He was bound by his election. For this reason the trial court committed no error in refusing him leave to amend his complaint.

[5] As this action was brought in the District Court for the District of New Jersey on its law side, the next question is whether that court, in the circumstances, had jurisdiction of it. Section 33 of the cited amend-

ment to the Merchant Marine Act giving "any seaman * * * an action for damages at law" concludes with these words: "Jurisdiction of such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

As the District Court for the District of New Jersey is, on admission in its answer, the district of the defendant corporation's domicile, with an office for the transaction of business in the city of Hoboken, New Jersey, the District Court for that district had jurisdiction of the case—if, first, the plaintiff was, at the time of his injury, a "seaman."

The plaintiff, as we have said, was a ship's carpenter "doing repair work on board a completed vessel, afloat in navigable waters." Robins Dry Dock & Repair Co. v. Dahl, supra. What he was doing was not a matter of mere local concern as in Grant-Smith-Porter Ship Co. v. Rohde, 257 U. S. 469, 476, 42 S. Ct. 157, 66 L. Ed. 321, 25 A. L. R. 1008, but had direct relation to navigation and commerce as in Great Lakes Dredge & Dock Co. v. Kierejewski, 261 U. S. 479, 43 S. Ct. 418, 67 L. Ed. 756; Western Fuel Co. v. Garcia, 257 U. S. 233, 42 S. Ct. 89, 66 L. Ed. 210; Hammond Lumber Co. v. Sandin (C. C. A. 9th) 17 F.(2d) 760; International Stevedoring Co. v. Haverty, 272 U. S. 50, 47 S. Ct. 19, 71 L. Ed. ——. In the first of these cases last cited a master boilermaker, and in each of the last three a stevedore, all engaged in work upon or in a completed vessel, were held to be seamen within the meaning of the law. The plaintiff in Robins Dry Dock & Repair Co. v. Dahl, supra, was, seemingly, a laborer doing repair work on a steamer lying in navigable waters. The tort was held to be maritime and he, like the others, was awarded the right to recover for his personal injuries under general maritime law.

[6] On these authorities we hold that the plaintiff's right to redress of his personal injuries grew out of general maritime law, which includes the Merchant Marine Act, and, though not a sailor, he was, within the meaning of the statute in respect to the work he was doing, a seaman. Therefore the District Court had jurisdiction of this suit—unless, finally, the Judiciary Act (Judicial Code, § 24; Code of Laws of the United States, p. 866; Comp. Stat. § 991), defining the jurisdiction of District Courts "of all suits of a civil nature, at common law * * * where the matter in controversy * * * is between citizens of different states," applies to suits at common law instituted by seamen in

district courts under section 33 of the Merchant Marine Act.

Although the Congress was fully informed of diversity of citizenship of parties as a jurisdictional requirement of the Judiciary Act in respect to common law actions in federal courts, it did not prescribe it as an essential of jurisdiction in the new action at law which it conferred upon seamen by the cited section of the Merchant Marine Act. The only jurisdictional provision it there made is that jurisdiction of such actions shall be in the court of the "district" in which the defendant resides or in which his principal office is located. We construe this requirement of a federal court's jurisdiction of this particular action at law to be exclusive of that previously and generally imposed by the Judiciary Act in respect to other "suits of a civil nature, at common law," and that, when fulfilled, it confers on a District Court the requisite jurisdiction of a suit at law by a seaman without regard to his citizenship. Johnson v. Panama R. Co. (D. C.) 277 F. 859. Aside from its literal terms, this, we think, is the meaning of the jurisdictional provision, for if it were otherwise and included the element of diverse citizenship of the parties, there would be no sense in naming the federal courts that have jurisdiction of such suits and restricting them in each instance to the one in the district of the defendant's residence or of the location of his principal office. Moreover, unless the provision is so construed, there would arise the anomalous and unjust situation in which a right of action at law to recover damages for a maritime tort would be denied a seaman who is a citizen of a state in which the district of the defendant's residence is only one of several districts. A seaman of such citizenship would be wholly deprived of the benefit of the provision intended for "any" seaman, which, we think, means "every" seaman, for he would have no right of action against a defendant in any federal court; indeed, he would not even have the latitude as to federal courts afforded citizens of different states by the Judiciary Act in respect to other "suits of a civil nature, at common law." Being of opinion that the District Court for the District of New Jersey had jurisdiction of this suit, although the plaintiff is a citizen of the state which embraces the district of the defendant's residence, we reverse the judgment of nonsuit, direct that the case be reinstated and tried in harmony with this opinion. Where this leaves the plaintiff under the defense that the suit is barred by his acceptance of certain

benefits under the Compensation Act of New Jersey (P. L. 1911, p. 134, as amended by P. L. 1913, p. 302) is a matter not properly raised on this writ of error and therefore one on which we express no opinion.