### THE MAGDAPUR.

District Court, S. D. New York.
March 20, 1933.

972

David M. Fink and Jacquin Frank, both of New York City, for libelant.

Lord, Day & Lord, of New York City (Thaddeus G. Cowell and Woodson D. Scott, both of New York City, of counsel), for respondent.

PATTERSON, District Judge.

The libel is by a seaman for personal injuries. The libelant is a Singhalese who signed on the steamship Magdapur at Colombo, Ceylon. The Magdapur is a British vessel. On March 18, 1929, while the Magdapur was moored at a Baltimore dock, the libelant and two other Singhalese were ordered by the chief officer to take in a heavy mooring wire. While they were taking the wire off the bit, one turn of the wire flew up and struck the libelant, causing the injuries for which he sues. The suit is in rem against the Magdapur and also in personam against T. & J. Brocklebank, Limited, the owner or operator of the ship.

The negligence complained of is that three men were too few to manage the wire. There is evidence that the general practice on the Magdapur was for six or seven of the crew to be on hand to take in this wire. Most of the crew were Hindoo coolies who were not obliged to work and did not work while the ship was in American waters. But there were several Europeans in the crew who were available for work, and seven men from shore had been hired to help move the ship and were working on board at the time.

■■ 1. Under the general maritime law the libelant cannot recover damages for his injuries. The fault was that of the chief officer in ordering three men to do a job the safe performance of which required more men. The evidence tends to show that this was an improvident order on his part. But prior to the Jones Act (Merchant Marine Act), 46 USCA § 688, a seaman could not recover indemnity for injuries resulting from the negligence of the master or any member of the crew; his only right under such conditions was for maintenance and cure. The Osceola, 189 U. S. 158, 23 S. Ct. 483, 47 L. Ed. 760; Chelentis v. Luckenbach S. S. Co., 247 U. S. 372, 38 S. Ct. 501, 62 L. Ed. 1171.

■■ It is argued that the injuries resulted from an unseaworthy condition of the vessel, in that the crew was insufficient to do the necessary work. Seaworthiness doubtless comprehends the providing of an adequate and competent crew, and it has always been the rule that a seaman who suffers personal injuries from unseaworthiness may recover damages. Carlisle Packing Co. v. Sandanger, 259 U. S. 255, 42 S. Ct. 475, 66 L. Ed. 927. But the facts here show that at the time the libelant was hurt there were men enough on the vessel to do the work at hand. It is true that most of the regular crew were idle, but men from shore had been provided by the owner to help move the ship and there was no dearth of labor on board. The error was that of the chief officer in assigning to the particular task too few of the men available for work. It cannot be said that the ship was

undermanned at the time. As a case under the general maritime law, therefore, there can be no recovery of damages for the injury.

2. Under the Jones Act (41 Stat. 988), the owner of the ship is liable in compensatory damages to a seaman injured in the course of employment through the negligence of the master or any other seaman employed on the vessel, and the fellow-servant rule is not a defense. But the libelant was a British seaman, the owner was a British company, and the ship flew the British flag. The only incident that connects the case with this country, aside from its having been brought here, is that the libelant received his injuries while the ship was in our waters. The Jones Act was passed for the welfare of American seamen. Whether it should be extended to a case like the present has been expressly left open in the Supreme Court. Plamals v. Pinar Del Rio, 277 U. S. 151, 155, 48 S. Ct. 457, 72 L. Ed. 827; Uravic v. F. Jarka Co., 282 U. S. 234, 51 S. Ct. 111, 75 L. Ed. 312. The cases in the District Court are to the effect that it does not cover such a case. In The Seirstad (D. C.) 27 F.(2d) 982, Judge Campbell held that the act had no application to the case of a Norwegian seaman on a Norwegian ship, injured while the ship was in an American port. In the Pinar Del Rio, Judge Goddard of this district held the same; the case was affirmed on other grounds (C. C. A.) 16 F.(2d) 984; 277 U. S. 151, 48 S. Ct. 457, 72 L. Ed. 827. In Shorter v. Bermuda & West Indies S. S. Co. (D. C.) 57 F.(2d) 313, the plaintiff was an American citizen and was injured in our waters while working on a ship belonging to a Bermudian corporation. It was held that the Jones Act applied, but the distinction between the Shorter Case and the present one is a plain one. It would be going too far, in my opinion, to hold that the Jones Act governed the rights of a foreign seaman on a foreign ship, who signed on at a foreign port and who was injured in the course of the voyage while the ship happened to be in an American port.

3. The matter of maintenance and cure remains. The fact that the libel does not specifically pray such relief is not conclusive; maintenance and cure may be awarded where the libelant asks for compensatory damages and "such other and further relief in the premises as in law and justice he may be entitled to receive." The Teviotdale (D. C.) 166 F. 481; The New Dawn (D. C.) 36 F.(2d) 970, 971. But there is no proof in the case that the libelant paid out anything

for maintenance and cure while he was disabled. The care which he received at hospitals cost him nothing and he apparently had no medical expenses after discharge from the hospitals. Under the conditions there is no basis of recovery for maintenance and cure. The Balsa (C. C. A.) 10 F.(2d) 408.

The libel will therefore be dismissed.