EDWARD OKELSON, Respondent, *v.* CLEVELAND & BUFFALO TRANSIT COMPANY, Appellant.

Fourth Department, January 11, 1939.

*Sanders, Hamilton, Dobmeier, Connelly & McMahon* [*Russell V. Bleecker* and *William M. Connelly* of counsel], for the appellant.

*Desmond & Drury* [*Edward J. Desmond* of counsel], for the respondent.

CUNNINGHAM, J. The plaintiff was employed as a member of a crew of a vessel owned and operated by defendant. In May, 1937, he was working in the kitchen of the boat and cut his left thumb and claims that his injury was caused by a defective knife furnished to him for use in cutting vegetables. Plaintiff alleges that he was a member of the crew and that such injury occurred " during the course of his employment." These allegations are admitted by the defendant in its answer.

The defendant claims that the plaintiff failed to show that the defendant was negligent and that, therefore, plaintiff may not recover. However, the right to recover for injuries caused by defective appliances on a vessel is absolute and is not founded upon negligence. (*The H. A. Scandrett,* 87 F. [2d] 708, 710; *Carlisle Packing Co.* v. *Sandanger,* 259 U. S. 255.)

In the *Scandrett* case it appeared that a seaman fell when a knob pulled off a door leading to his quarters as he was trying to open a door which was stuck. The jury found that the defective construction or condition of the lock was the proximate cause of the accident, and further, that such defective construction or condition was not discoverable upon ordinary inspection by competent inspectors. The court held that this latter finding precluded a recovery on the ground of negligence, and said: " We think, however, that the findings of the jury that the respondent failed to furnish libelant with a vessel in a seaworthy condition, and that this failure was the proximate cause of the accident, were sufficient to support the verdict," and further said that in the American decisions " it was held that there is an engagement that the ship shall be furnished with all the customary requisites for navigation, or, as the term is, shall be found seaworthy. [Citations.] " The court further said: " This is not an action under the Jones Act (41 Stat. 988) founded on negligence. The libelant is invoking a remedy based on unseaworthiness or defective condition of the vessel or her equipment. In such a case the liability for any injuries

arising out of the neglect to supply a seaworthy vessel is not dependent on the exercise of reasonable care but is absolute. [Citations.] "
And further: " A ship is an instrumentality full of internal hazards aggravated, if not created, by the uses to which she is put. It seems to us that everything is to be said for holding her absolutely liable to her crew for injuries arising from defects in her hull and equipment."

In *Carlisle Packing Co.* v. *Sandanger* (*supra*) it appeared that a can marked " coal oil " was furnished for use in starting a fire in the galley of the ship and that the can was filled with gasoline and a seaman was injured when he attempted to start the galley fire. It was held that the vessel and her owner were liable to an indemnity for injuries received by a seaman by reason of the failure to supply and keep in order the proper appliances appurtenant to the ship. In the opinion it was said that the trial court could have charged the jury that the vessel was unseaworthy without regard to negligence if the can contained gasoline. That case thus holds that a can supposed to contain coal oil for use in starting the kitchen fire of a vessel is an appliance appurtenant to the ship and that failure to supply such appliance in a condition safe for use for the purpose intended, makes the owner of the vessel liable for injuries received by a seaman, regardless of the owner's negligence.

The defendant also claims that the plaintiff assumed the risk of using the knife which was furnished to him for the purpose of preparing vegetables for cooking.

Both under the admiralty rule and under the Jones Act assumption of risk is not a defense in a suit against the owner of a vessel to recover for the failure to provide safe appliances.

In *The Arizona* v. *Anelich* (298 U. S. 110, 122) it was said: " The seaman assumes the risk normally incident to his perilous calling [citations] but it has often been pointed out that the nature of his calling, the rigid discipline to which he is subject, and the practical difficulties of his avoiding exposure to risks of unseaworthiness and defective appliances, make such a defense, as distinguished from contributory negligence, see *Seaboard Air Line* v. *Horton*, [233 U. S. 503], peculiarly inapplicable to suits by seamen to recover for the negligent failure to provide a seaworthy ship and safe appliances. [Citations.] "

In *Beadle* v. *Spencer* (298 U. S. 124) it is said: " Before the enactment of the Jones Act it was recognized that a ' failure to supply and keep in order the proper appliances appurtenant to the ship ' is equivalent to unseaworthiness, and that it was likewise actionable under the maritime law, if it caused injury to a seaman." And

further: " Nor do we perceive any adequate ground for judicial relaxation of the admiralty rule, applicable under the Jones Act, that assumption of risk is not a defense to a suit to recover for injury to a seaman resulting from unseaworthiness or defective equipment."

In *Lynott* v. *Great Lakes Transit Corp.* (202 App. Div. 613; affd., 234 N. Y. 626), it is said (at p. 620): " Vessel owners who sail their ships with improper appliances do so at their own risk and not at the risk of their seamen."

The plaintiff proved to the satisfaction of the jury that the knife which was furnished to him as an appliance to be used in the course of his duties upon the ship was defective and that he was injured thereby. This was sufficient to charge the defendant with liability for plaintiff's injuries.

The judgment and order should be affirmed, with costs.

All concur. Present — SEARS, P. J., CROSBY, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Judgment and order affirmed, with costs.