## NESET v. SKIBS A/S OIL EXPRESS CO. OF MOSS, NORWAY.

### Civ. A. No. 10829.

United States District Court
E. D. New York.

Oct. 18, 1950.

See, also, 92 F.Supp. 78.

Silas B. Axtell, New York City, for plaintiff.

Pyne, Lynch & Smith, New York City, for defendant. Warner Pyne, Thomas A. Sully, New York City, of counsel.

GALSTON, District Judge.

The motion seeks, pursuant to Rule 12(b) and (h) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the complaint on the ground that the court has no jurisdiction.

The complaint sets up three causes of action and asserts that the court has jurisdiction by virtue of the Jones Act, 46 U.S. C.A. § 688, and the General Maritime Law of the United States.

It appears from the complaint that the plaintiff, a merchant seaman, was signed for service as an ordinary seaman on The M. S. Hermund, for a voyage between New York and various ports of Europe; that on one of these voyages, while on the high seas, he was injured on the deck of the vessel because of the negligence of the defendant in failing to provide a clear passageway for the use of the crew in going fore and aft on the deck of the vessel. The second cause of action charges that The M. S. Hermund did not have a physician or competent person to care for the injuries sustained; and the third cause of action seeks a judgment for maintenance and cure.

It is to be noted that the plaintiff is an alien, as is also the defendant. Accordingly the basic inquiry is whether this court,

under the Jones Act, is permitted to take jurisdiction. The answer, in the negative, is found in two cases decided in this circuit: The Paula, 2 Cir., 1937, 91 F.2d 1001 and O'Neill v. Cunard White Star, Ltd., 1947, 160 F.2d 446, certiorari denied 332 U.S. 773, 68 S.Ct. 56, 92 L.Ed. 358.

In The Paula, supra [91 F.2d 1004], the libellant was a German subject who had signed on in Chile, on a Danish ship, for a voyage to Brooklyn. He was injured while the vessel was at an intermediate port in the United States. It was held that the coverage of the Jones Act did not extend to a foreign seaman on a foreign ship, who had signed on at a foreign port. Judge Swan stated: "We think the intention to legislate for alien seamen who have signed articles abroad on a foreign ship ought to be clearly expressed before the courts extend the statute to them."

In the O'Neill case supra, it was held that the Jones Act was not applicable as the basis for recovery in an action brought by the administratrix of an alien seaman against an alien corporation for injuries occurring on the high seas during a voyage between foreign ports, it appearing that the articles had been signed in a foreign port. The conclusion was reached even though the seaman had been domiciled in the United States for twenty years, and had applied for citizenship and reared a family in the United States.

These two cases bear heavily against the plaintiff in his effort to secure relief under the Jones Act, for it appears from the articles of employment entered into between the plaintiff and his employer that he signed on at Antwerp, Belgium, and was to be paid off only in a north European port.

■ In Gambera v. Bergoty, 2 Cir., 1942, 132 F.2d 414, 415 certiorari denied, 1943, 319 U.S. 742, 63 S.Ct. 1030, 87 L.Ed. 1699, an Italian seaman, long domiciled in the United States, had taken out first papers for citizenship in the United States, and had signed articles on a Greek ship for a voyage beginning and ending in the United States. Judge Learned Hand wrote, after referring to The Paula, 91 F.2d 1001, The Magdapur, D.C., 3 F.Supp. 971, and other cases, that

the court regards "it as settled law that alien seamen serving upon foreign ships owned by aliens, and bound upon a voyage which begins and ends outside the United States, cannot sue under the Jones Act for injuries suffered while the ship happens to be stopping at a port of call within our territorial waters".

In Kyriakos v. Goulandris, et al., 2 Cir., 151 F.2d 132, 136, a variation of the facts was presented which enabled Judge Augustus Hand to write: "We are thus called upon to determine whether an alien seaman who signed on in an American port for a voyage beginning and ending in American waters can sue under the Jones Act. Although the matter is doubtful we believe that he can."

So too, in Taylor v. Atlantic Maritime Co. et al., 2 Cir., 179 F.2d 597, an alien sought to recover for injuries occurring on the high seas. The injuries were alleged to have resulted from an illness contracted on a voyage of an alien vessel from a port of the United States, where plaintiff had signed on, to a foreign port. The court held that the Jones Act was applicable since the plaintiff had signed articles in a United States port.

■ A court of admiralty has jurisdiction over a suit between aliens, 28 U.S. C.A. § 1333; but it is for the District Court to decide whether it will, in the exercise of its sound discretion, retain jurisdiction, Canada Malting Co. v. Paterson Co., 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837. But the pending action is one on the civil side. It was instituted by the plaintiff for damages at law with the right of trial by jury demanded by the plaintiff. Under the Jones Act his claim is without substance. It is true that the court has jurisdiction on the common law side of an action for a maritime tort, but only where the jurisdictional requisite of diversity of citizenship is present. Here the plaintiff cannot proceed on the common law side because he and the defendant are aliens. The complaint must be dismissed; Cunard S. S. Co. v. Smith, 2 Cir., 255 F. 846; see also Erlich v. Wilhelmsen, D.C., 44 F.Supp. 414. Had the plaintiff signed on in New York, as he mis-

takenly alleged in his complaint, the result would have been different under Kyriakos v. Goulandris and Taylor v. Maritime Co., supra.

The motion is granted, but without prejudice to the plaintiff to proceed in personam in admiralty.

Settle order.