**Corden E. YATES, Plaintiff,**

v.

**Rodney H. DANN et al., Defendants.**

**Civ. A. No. 1051.**

United States District Court
D. Delaware.

Nov. 14, 1958.

Abraham E. Freedman (of Freedman, Landy & Lorry) Philadelphia, Pa., and Henry A. Wise, Jr., Wilmington, Del., for plaintiff.

Stewart Lynch, Wilmington, Del., for defendants. J. Webster Jones, Philadelphia, Pa., of counsel.

LAYTON, District Judge.

This is a motion by the defendant, shipowner, to amend his answer in a Jones Act, 46 U.S.C.A. § 688, suit in order to raise the defense of Limitation of Liability. The motion is vigorously opposed. Both sides agree that amendments should be liberally granted in the interest of justice and that whether or not this motion should be granted rests largely in the sound discretion of the Court. As in most situations of this sort, the answer is to be found in the facts. At first I was inclined to view the application favorably but the more I weigh the facts and the equities, the less its appeal.

This suit was filed July 15, 1947, based upon an injury received by the plaintiff in 1946 when his ankle was badly mangled after being caught in a tow line and crushed against the bitts of a tug boat. The answer was filed in August of the same year. The case was first tried to a jury on February 23, 1949, resulting in a verdict for the plaintiff but the verdict was set aside because of the inadequacy of the damages awarded. It was then transferred to the Admiralty side of the Court and retried without a jury in 1954, resulting in an award of damages in the sum of $57,000, reduced to $31,000 because of plaintiff's contributory negligence. This verdict was reversed by the Third Circuit Court of Appeals because, in transferring the case to Admiralty over objection by defendant, defendant's right to jury trial was denied and the case was ordered retried to a jury upon the limited issue of damages, 3 Cir., 223 F.2d 64. The third trial was in December, 1957, before me and resulted in a jury award in the sum of $58,125. It was not until June, 1958, that the motion was filed.

Defendant is unable to give a single moving reason [1] why, at this late date, his motion should be granted. His application was plainly an afterthought and a very late one. By Title 46 U.S.C.A. § 185, as amended, he could have filed a petition to limit liability anytime within six months after receiving notice of the plaintiff's claim. In any event, he could have set up the defense in his answer, The Chickie, 3 Cir., 141 F.2d 80, or, within some reasonable period thereafter, by amendment. Now, eleven years after his original answer, (thirteen years after the accident) he seeks the aid of this Court in setting up a defense which had always been available to him.

To grant such an amendment not only would inject new issues into the case but also would result in another trial and additional expense. Aside from those issues peculiar to a limitation of liability of which only the Admiralty has jurisdiction, there is the issue of the value of the vessel. Assuming the defense of limitation of liability had been raised in

---

[1]. He points to the fact that the plaintiff as late as the last trial was permitted to amend his complaint to increase the ad damnum clause but the Delaware Courts permit such an amendment as a matter of course during trial and in Couto v. United Fruit Co., 2 Cir., 203 F.2d 456, it was held that the ad damnum clause could be amended even after verdict.

a timely fashion, the issue of value could have been tried and disposed of in any one of the three trials above mentioned. Now, as the plaintiff points out, it may be difficult to gather necessary evidence on this phase of the matter so many years after the event. And, moreover, it is quite possible that evidence respecting plaintiff's defense to some of those issues directly concerned with the limitation proceeding may, thirteen years later, be hard to obtain.

It should also be remembered that when the motion to amend was filed, the liability of the defendant had been finally determined by the Circuit Court which had ordered a retrial to a jury on the question of damages only.

In this connection, the language of Judge Ford in General Seafoods Corporation v. J. S. Packard Dredging Co., D.C., 40 F.Supp. 1015, 1016, in denying a similar motion is pertinent.

"However, I am not compelled here to decide this point, because, even assuming, without deciding, that the shipowner could plead limitation of liability in his answer more than six months after receipt of written notice of claim, yet he should not be allowed to do so in the present case. The respondent filed its answer on June 21, 1937—almost a year after the libel was filed. The case was tried almost two years ago and the decree entered by the lower court was affirmed in the Circuit Court of Appeals on April 17, 1941, 1 Cir., 120 F.2d 117. The case itself is more than five years old. In the light of these facts, the respondent has undeniably been guilty of laches. The defenses proposed would involve new issues, a new trial, and would entail considerable expense. Limitation of liability is sought to be pleaded over four years after the respondent filed its original answer in the case."

Even conceding that a shipowner may plead limitation of liability by answer more than six months after receipt of notice of a claim for injuries, yet, the amendment to Title 46 U.S.C.A. § 185, must be taken as indicating some intention on the part of Congress to compel greater expedition on the part of shipowners in setting up the defense. Compare Kane v. Union of Soviet Socialist Republics, 3 Cir., 189 F.2d 303; In Petition of Goulandris, 2 Cir., 140 F.2d 780. To allow the two procedures to exist side by side without some correlation between them would result in a partial frustration of the amendment.

■■ A sensible result would require the shipowner who attempts to set up the defense of limitation of liability by answer after six months from receipt of notice of claim to show good cause [2] for his delay. No such cause exists here. Compare Carlisle Packing Co. v. Sandanger, 259 U.S. 255, 42 S.Ct. 475, 66 L. Ed. 927; United States Gypsum Co. v. Conners Marine Co., Inc., D.C., 33 F. Supp. 59.

Under the facts here, the plaintiff is entitled to an end to his litigation. The motion is denied.

2. In The Chickie, the Circuit Court set up the hypothetical case where the sole injured party might give notice of his claim and then wait more than six months to bring suit which could have compelled the shipowner to file his limitation petition even before suit was instituted against him. This example and no doubt, many others that could be imagined might well furnish good cause for permitting the defense of limitations to be set up by answer more than six months after notice of the injury.