CARROLL, DONALD, Justice.
This appeal is from a final judgment for the defendant entered by the trial judge after granting defendant’s motion to set aside the jury verdict for the plaintiff in an action brought under the Jones Act, 46 U.S.C.A. § 688, by a seaman against his employer for personal injuries sustained in the course of his employment on the high seas. From the evidence adduced at the trial the jury could have found that the appellant was a crewman on the Kingfish, a fishing vessel owned and operated by the appellee; that on August 6, 1957, the King-fish put to sea to begin fishing operations off the Mississippi coast with a shorthanded crew; that because of this situation the normal method of launching the purse boats which tend the fishing net was altered so that the appellant was required to board a purse boat standing along the port side of the Kingfish, rather than from the stern of that vessel as was the normal procedure; that in the course of boarding the purse boat appellant’s foot was caught and crushed between the two boats.
Under certain circumstances the fact that a vessel is undermanned may be found to constitute unseaworthiness or negligence under the Jones Act. Bradt v. United States et al., D.C.E.D.N.Y.1954, 122 F. Supp. 190; Turcich v. Liberty Corporation, 3 Cir., 1954, 217 F.2d 495; The Magdapur, D.C.S.D.N.Y.1933, 3 F.Supp. 971. The evaluation of the factual situation presented here was correctly submitted to the jury under proper instructions and they apparently found that the Kingfish was undermanned and that this fact played a part in producing the appellant’s injury.
Under the very liberal standards established by the United States Supreme Court and recognized by recent decisions of the *447 Florida Supreme Court and this Court concerning the minimal quantum of proof necessary to uphold a jury verdict for the plaintiff under the Jones Act and the Federal Employers’ Liability Act, 45 U.S.C.A. § 51 et seq., we are compelled to reverse the judgment and remand the cause with instructions to enter a judgment for the appellant based upon the jury verdict. Conner v. Butler, 1960, 361 U.S. 29, 80 S.Ct. 21, 4 L.Ed.2d 10; Atlantic Coast Line R. Co. v. Barrett, Fla.1958, 101 So.2d 37; Gaymon v. Quinn Menhaden Fisheries of Texas, Inc., Fla.App.1960, 118 So.2d 42.
STURGIS, Acting Chief Judge, and FITZPATRICK, W. L., Associate Judge, concur.