447 So.2d 1017 (1984)
KLOSTERS REDERI A/S d/b/a Norwegian Caribbean Lines, a Foreign Corporation, Appellant,
v.
Jeanne M. COWDEN and Charles G. Cowden, Appellees.
No. 83-1358.
District Court of Appeal of Florida, Third District.
April 3, 1984.
*1018 Fowler, White, Burnett, Hurley, Banick & Strickroot and William C. Norwood, Miami, for appellant.
Maguire & Friend and Michael P. Maguire, Coral Gables, for appellees.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
BASKIN, Judge.
Jeanne Cowden, while a passenger on the Norway, was the victim of an intentional tort committed by one of appellant's employees. She sued the owner, Klosters Rederi A/S d/b/a Norwegian Caribbean Lines. A jury awarded compensatory damages of $75,000 and punitive damages of $50,000. In this appeal, Norwegian Caribbean Lines contends that the trial court erred in instructing the jury on the issue of punitive damages under Florida law rather than in accordance with maritime law. Norwegian Caribbean Lines does not challenge the finding of liability or the award of compensatory damages.
In a cross-appeal, Mrs. Cowden's husband contends that the unrebutted testimony entitled him to recover for loss of consortium and that the trial court should have granted him a new trial when the jury failed to return a verdict in his favor. We agree on both points and remand for a new trial applying maritime law to questions pertaining to punitive damages and to the husband's claim for loss of consortium.
Torts committed within maritime jurisdiction fall within the purview of maritime law which must be applied even though the action is filed in a state court. Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959). Florida law differs from maritime law on the burden of proof necessary to establish punitive damages. Compare Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981) with United States Steel Corp. v. Fuhrman, 407 F.2d 1143 (6th Cir.), cert. denied, 398 U.S. 958, 90 S.Ct. 2162, 2163, 26 L.Ed.2d 542 (1969).
Unfortunately, the parties failed to advise the court that maritime law applied until the trial was well under way. It was not until just before closing argument when appellant moved for a directed verdict on the issue of punitive damages that the trial court learned that maritime law applied. Thus, in the Order on Defendant's Motion for Judgment Notwithstanding the Verdict the trial court specified that Norwegian's failure to plead or direct any motions to the issue in a timely fashion precluded the application of maritime law. Despite appellant's failure to plead the appropriate law initially, we believe that once the request to apply maritime law was presented, it was incumbent upon the trial court to proceed under maritime law. See Carlisle Packing Co. v. Sandanger, 259 U.S. 255, 42 S.Ct. 475, 66 L.Ed. 927 (1922).
With regard to the cross-appeal, we agree with Mr. Cowden that he is entitled to a new trial, under maritime law, on his claim for loss of consortium.
Reversed in part and remanded for a new trial as to punitive damages and claim for loss of consortium.
SCHWARTZ, Chief Judge (specially concurring).
I think it should be made clear that the evidence did not entitle the plaintiff to punitive damages under maritime law, which the court properly holds is applicable to this case. E.g., United States Steel Corp. v. Fuhrman, 407 F.2d 1143 (6th Cir.1969), cert. denied, 398 U.S. 958, 90 S.Ct. 2162, 26 L.Ed.2d 542 (1970) (punitive damages available only when employer participates in, authorizes, or ratifies seaman's wrongful act). In Re: Marine Sulphur Queen, 460 F.2d 89 (2d Cir.1972), cert. denied, 409 U.S. 982, 93 S.Ct. 326, 34 L.Ed.2d 246 (1972) (same). Ordinarily, therefore, we would simply strike the punitive damages award from the judgment below. I agree with the majority that remand is instead in order in this instance only because the defendant did not dispute the fact that Florida law controlled until both *1019 sides had rested at the trial. Since the plaintiff may well have been misled by this mutual misunderstanding into a failure to develop by investigation and discovery anything more than was required to meet the standard of Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981)  which was in fact satisfied  she should now be given that opportunity. If she is able, however, to establish nothing beyond what appears in the present record, a summary judgment or directed verdict for the defendant on the punitive damages issue will be required.
FERGUSON, J., concurs in the opinions of both SCHWARTZ, C.J. and BASKIN, J.