Walter R. BRUNNER,
Plaintiff-Appellee,

v.

MARITIME OVERSEAS CORP., Second Shipmor Associates, et al.,
Defendants-Appellants.

No. 84–3569.

United States Court of Appeals,
Fifth Circuit.

Jan. 3, 1986.

Terriberry, Carroll & Yancey, David B. Lawton, New Orleans, La., for defendants-appellants.

Kierr, Gainsburgh, Benjamin, Fallon & Lewis, Lawrence S. Kullman, New Orleans, La., for plaintiff-appellee.

Before REAVLEY, JERRE S. WILLIAMS and PATRICK E. HIGGINBOTHAM, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge.

This case raises the issue of whether different answers to negligence and unseaworthiness interrogatories in a maritime personal injury case constitute an inconsistent verdict. Because negligence and unseaworthiness are totally separate concepts, we find no conflict and affirm.

Appellee Walter R. Brunner brought the present action against appellants Maritime Overseas Corporation and Second Shipmor Associates under the Jones Act, 46 U.S.C. § 688, seeking damages for injuries sustained when he slipped and fell on board the S/S OVERSEAS OHIO. Brunner alleged that his fall was caused by the "treacherous" condition of the deck due to an oil spill. The case was tried to a jury.

The only factual issue in the case was whether there was an oil spill on the deck the night that Brunner slipped.

The jury was asked special interrogatories concerning: (1) whether the vessel was unseaworthy; (2) whether there was negligence; and (3) the quantum of damages. The district court instructed the jury in the charge that unseaworthiness and negligence were separate theories of recovery. It is clear in the record, however, that the sole basis of both the unseaworthiness and Jones Act negligence claims was the oil spill, and the judge acknowledged in the charge that appellee's claims were both based upon the same oil spill.

The jury found that appellants were negligent and also found that the S/S OVERSEAS OHIO was not unseaworthy at the time of appellee's accident. They found Brunner to be fifty percent contributorily negligent. The jury at first declined to award any damages, and was sent back for further deliberation by the judge. The jury then awarded $75,000 damages. The judge entered judgment for appellee in the amount of $37,500 representing the 50% negligence attributable to appellants. The district court denied appellants' motion for new trial, which urged that the jury's answers to the interrogatories were inconsistent. We affirm the judgment based upon the jury verdict.

I.

■ The threshold question is whether appellants have preserved their error. At the time the charge was given to the jury, appellants did not object to the charge on the ground that the interrogatories could result in inconsistent answers. Appellants also did not object when the verdict was returned. The consideration of this issue would have been better served if appellants had made their objection at least at the time that the jury returned its verdict so that the court could evaluate whether or not it was inconsistent and could have sent it back to the jury to reconsider. But, appellants did not waive their right to complain of inconsistent answers by failing to object. If answers to jury interrogatories are in irreconcilable conflict, then the judge has no authority to enter judgment based upon those answers. *Fugitt v. Jones*, 549 F.2d 1001, 1005 (5th Cir.1977). Thus, fail-

ure to object does not waive the right to raise the issue in a motion for new trial when answers to interrogatories result in irreconcilable conflict. *Guidry v. Kem Manufacturing Company,* 598 F.2d 402, 407 (5th Cir.1979), *cert. denied,* 445 U.S. 929, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980); *Mercer v. Long Manufacturing NC, Inc.,* 671 F.2d 946, 947 (5th Cir.1982); *Alverez v. J. Ray McDermott,* 674 F.2d 1037 (5th Cir. 1982). We conclude that appellants have met the procedural requirement to raise the inconsistent verdict claim.

## II.

■ The issue on the merits which is raised by this appeal is whether a jury finding of negligence is consistent with a jury finding of no unseaworthiness when there is but one factual circumstance on which both findings can be based. In light of the separate nature of the negligence and unseaworthiness causes of action, we find no irreconcilable conflict.

### Separate Causes of Action

The history of the unseaworthiness claim shows that it developed independently of Jones Act negligence and has been treated as a separate cause of action ever since. The origin of the seaman's right to recover for injuries caused by an unseaworthy ship can be found in European and English law dating back to 1597.[1] The earliest mention of unseaworthiness in American judicial opinions appears in cases in which mariners were suing for their wages. Mariners were required to prove the unseaworthiness of the vessel to excuse their desertion or misconduct which would otherwise result in a forfeiture of their right to wages.

In the late nineteenth century, American admiralty courts developed the doctrine that a seaman had a right to recover for personal injuries beyond maintenance and cure. It became generally accepted that a shipowner was liable to a seaman injured in the service of a ship as a consequence of the owner's failure to provide a seaworthy

vessel. *See The Osceola,* 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760 (1903).

In 1920, Congress passed the Jones Act. This act gave recovery to seamen for injuries sustained through the negligence of the shipowner. Two years later, in *Carlisle Packing Co. v. Sandanger,* 259 U.S. 255, 42 S.Ct. 475, 66 L.Ed. 927 (1922), the Court made its first statement that seaworthiness was unrelated to the standard of ordinary care which applies in a personal injury case. In *Mahnich v. Southern S.S. Co.,* 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561 (1944), the Court gave an unqualified stamp of approval to the view that the duty of the shipowner and his agents to provide a seaworthy ship is unrelated to the jurisprudential concept of negligence. The Supreme Court has steadfastly adhered to the principle that unseaworthiness is a completely separate concept from negligence. *See Usner v. Luckenbach Overseas Corp.,* 400 U.S. 494, 91 S.Ct. 514, 27 L.Ed.2d 562, (1971); 1B Benedict on Admiralty § 23 (1984); *Mitchell v. Trawler Racer, Inc.,* 362 U.S. 539, 549, 80 S.Ct. 926, 932, 4 L.Ed.2d 941, 948 (1960) ("From that date to this, the decisions of this Court have undeviatingly reflected an understanding that the owner's duty to furnish a seaworthy ship is absolute and completely independent of his duty under the Jones Act to exercise reasonable care.").

### Inconsistent Answers?

■ We examine whether the answers to the jury interrogatories in the present case are irreconcilable keeping the separate historical development of negligence and unseaworthiness in mind. In *Kokesh v. American Steamship Co.,* 747 F.2d 1092 (6th Cir.1984), the Sixth Circuit Court of Appeals has recently held that findings of seaworthiness and negligence based upon a single factual allegation are not inconsistent. In *Kokesh,* the plaintiff alleged that he slipped and fell on a ship due to an accumulation of polluted water on the deck. He sought damages based upon both negli-

---

**1.** This historical discussion is taken in substance from the Supreme Court opinion in *Mitchell v.* *Trawler Racer, Inc.,* 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960).

gence and unseaworthiness. The jury found the vessel to be seaworthy, but awarded damages for negligence just as did the jury in the case before us. The Court held that the jury findings could be reconciled because "[t]he jury could have concluded from the proof that although the defendant did not exercise ordinary care in allowing the deck to be made slippery by overflow from the vessel's ballast tanks, the flooding of the deck did not make the vessel unseaworthy." *Id.* at 1094. Thus, *Kokesh* held unequivocally that the verdicts were not inconsistent. The Second Circuit Court of Appeals has held to the contrary in *Bernardini v. Rederi A/B Saturnus*, 512 F.2d 660 (2nd Cir.1975).

The *Kokesh* holding is in agreement with the decision of the district court in this case. We conclude that the district court has not erred. Unseaworthiness and negligence are two separate grounds of recovery. *See Alverez*, 674 F.2d at 1041; *Thezan v. Maritime Overseas Corp.*, 708 F.2d 175, 180 (5th Cir.1983), *cert. denied*, 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984). In the present case, the jury was instructed that these were two separate theories of recovery. The jury could well have concluded that the shipowner was negligent for allowing oil on the deck of his ship, but that oil on the deck of the ship did not render the vessel unfit to go to sea. The jury has the power to determine what facts constitute unseaworthiness just as it has the power to decide if there was negligence.

Appellants urge that the jury's answers are illogical because a "yes" answer to the negligence interrogatory necessarily found oil on the deck, while a "no" answer to the unseaworthiness interrogatory necessarily found no oil on the deck. However, as Emerson noted, "A foolish consistency is the hobgoblin of little minds."[2] Although these answers may not achieve legal nicety, they are not irreconcilable. We do not have the right to second guess a jury that may decide a small oil spill on a deck does not necessarily make an 80,000 ton tanker unseaworthy even if the spill got there negligently. The Supreme Court observed in *Mitchell* that experience will sometimes triumph over logic:

> There is ample room for argument, in the light of history, as to how the law of unseaworthiness should have or could have developed. Such theories might be made to fill a volume of logic, but in view of the decisions in this Court over the last fifteen years, we can find no room for argument as to what the law is. What has evolved is a complete divorcement of unseaworthiness liability from concepts of negligence. To hold otherwise now would be to erase more than just a page of history.

362 U.S. at 550, 80 S.Ct. at 933, 4 L.Ed.2d at 948.

In the present case, the jury answers to the negligence and unseaworthiness interrogatories are not in irreconcilable conflict. Rather, they represent differing answers to two separate theories of recovery. The judgment was properly based upon the jury verdict. It must be upheld.

AFFIRMED.

---

**2.** R.W. Emerson, *Self-Reliance*, (1841). Emerson also remarked, "With consistency a great soul has simply nothing to do." *Id.*