Carl JONES, Plaintiff,

v.

MOORE–McCORMACK LINES, INC., Defendant,

v.

JOHN W. McGRATH CORPORATION, Third-Party Defendant.

No. 63 Civ. 1601.

United States District Court
S. D. New York.

April 3, 1968.

Snitow & Snitow, New York City, Broder & Levine, Aaron J. Broder, New York City, for plaintiff.

Browne, Hyde & Dickerson, New York City, (John H. Reilly, Jr., New York City, of counsel), for defendant.

Joseph F. McGoldrick, New York City, McHugh & Leonard, Martin J. McHugh, New York City, for third-party defendant.

CANNELLA, District Judge.

Action by the plaintiff [1] for money damages for injuries allegedly caused by the negligence of the defendant and the

---

1. Since this action was commenced by a libel on the admiralty side of the court, changes in the admiralty rules have been adopted, resulting in changes of procedure and nomenclature. Now the Federal Rules of Civil Procedure apply in their entirety, with stated exceptions, in all admiralty actions. Fed.R.Civ.P. 1 (1948), as amended, Fed.R.Civ.P. 1 (1966).

unseaworthy condition of its vessel, dismissed at the end of the entire case.

The court finds that it has jurisdiction of this action because it arises under the general maritime law. 28 U.S.C. § 1333.[2]

The plaintiff, a longshoreman, was in the employ of John W. McGrath Corporation, stevedores, on June 14, 1962. He alleges that on that date he sustained an injury to his right knee on board the vessel "Mormacelm", which was owned by Moore-McCormack Lines, Inc. He further alleges that on July 1, 1962 as he descended some stairs in his sister's home, the same knee buckled and caused him to be precipitated against a wall at the bottom of the stairs and resulting in further injuries to his person. The plaintiff alleges that the injuries from both incidents are the result of the defendant's negligence and the unseaworthiness of its vessel.

The court finds that the credible evidence establishes by a fair preponderance:

That on June 14, 1962, the plaintiff was a longshoreman acting as a winchman on board the S.S. Mormacelm, and that his immediate employer was the John W. McGrath Corporation, the stevedoring company employed by the shipowner.

That the plaintiff had been on board the vessel on the previous day while it was moored at the 23rd Street dock in Brooklyn, New York and that on the day of the accident he boarded the vessel at the same location and commenced working in the vicinity of hatch #2 shortly after he reported to work at 8 A.M.

That it was raining at the time of the incident and the plaintiff was assisting in the stretching of a rain tent over the #2 hatch. The tent had been raised by the use of a top lift cable attached to the boom and the plaintiff was in the process of securing a lanyard, attached to the rain tent, to the combing of the hatch.

The court, from the plaintiff's testimony, is unable to ascertain by the fair preponderance of the credible evidence, where the accident occurred. The plaintiff was asked three times during the course of this trial where the accident occurred and each time he gave a different location. At one time, he stated that it occurred near the winch. At another time he stated that it occurred at a point midway on the port side of the hatch combing. The hatch was described as being 22 feet by 24 feet. Finally, when he was shown a diagram he signified by an "X" thereupon that the accident occurred near the forward corner of the hatch on the port side.

The court further finds:

That the plaintiff's statement at trial, that he stepped over the piled up cable on the deck, onto grease which caused him to slip and strike his knee, is unworthy of belief. In the report made on June 14, 1962, immediately after the accident, as well as in the timekeeper's reports dated June 15, 1962, the plaintiff is quoted as stating that he tripped on the end of the topping lift wire on deck. In the United States Department of Labor Compensation Claim dated June 15, 1962, the plaintiff is quoted as stating that he "tripped over a cable". Paragraph 9 of the complaint in this action dated May 11, 1963 and an interrogatory answered on June 3, 1964, state that the plaintiff was caused to trip over and fall upon a boom cable. The plaintiff's pretrial memorandum, his amended pretrial memorandum and the pretrial order filed on December 31, 1966, all state that the plaintiff was caused to trip over and fall upon a boom cable curled up on deck. Thus, the first and only time that "grease" was mentioned prior to the trial was in Dr. Johnson's report dated July 29, 1967 wherein the plaintiff gave as history that he slipped on some grease;

That the credible evidence establishes that the accident was caused by the plaintiff tripping over some cable which

---

**2.** The parties have stipulated that the Jones Act does not apply in this case.

was coiled around in a circle about 3 feet wide and 1 foot high;

That the shipowner had an absolute duty to provide a seaworthy vessel and that this does not mean an accident-free vessel, but merely a vessel and its appurtenances reasonably fit for their intended purposes. Boudoin v. Lykes Bros. Steamship Co., Inc., 348 U.S. 336, 75 S.Ct. 382, 99 L.Ed. 354 (1959);

That the cable was stowed on board the ship and on the deck in the usual and ordinary manner in which a longshoreman would ordinarily find it;

That the plaintiff has failed to establish that the manner in which the cable was coiled and placed upon the deck was not normally and reasonably expectable under a standard of reasonable fitness, Colon v. Trinidad Corp., 188 F.Supp. 97 (S.D.N.Y.1960);

That men who make their livelihood on the water can be expected to cope with some of the hazardous conditions that must prevail even on a seaworthy vessel, Colon v. Trinidad Corp., supra at 100;

That the plaintiff did not look in the area in which he was walking, but was looking at the place where he intended to fasten the lashing;

That had he looked in the area in which he was walking, he could easily have stepped over or around the cable.

The court therefore finds:

That the accident was caused by the plaintiff tripping over some cable;

That the cable was coiled and to some extent scattered, but that it neither created an unseaworthy condition, nor constituted negligence on the part of the shipowner;

That the plaintiff's proof has failed to establish any condition of unseaworthiness or negligence on the part of the shipowner.

The court, having found no liability on the part of the shipowner, renders judgment for the shipowner. This renders moot the shipowner's action over against the stevedore.

So ordered.