982 So.2d 860 (2008)
Tosha L. HENRY
v.
BALLY'S LOUISIANA, INC., d/b/a Bally's Casino Lakeshore Resort.
No. 2007-CA-0655.
Court of Appeal of Louisiana, Fourth Circuit.
March 19, 2008.
*861 Tim L. Fields, Chad P. Youngblood, New Orleans, LA, for Plaintiff/Appellant.
Richard A. Goins, Mark Carver, Goins Aaron, P.L.C., New Orleans, LA, for Defendant/Appellee.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, and Judge EDWIN A. LOMBARD).
CHARLES R. JONES, Judge.
The Appellant, Tosha L. Henry, appeals a judgment granting the Motion for Summary Judgment of the Appellee, Bally's *862 Louisiana, Inc., and dismissing her case. We affirm.
Ms. Henry was employed by Bally's Louisiana, Inc. (hereinafter referred to as "Bally's"), as a cashier on the vessel the "Belle of Orleans" (hereinafter referred to as "Belle"), which was docked on Lake Pontchartrain. On January 14, 1999, Ms. Henry slipped off a shore-side deck while attempting to return to the Belle after lunch. She injured herself as a result of slipping off the deck and sliding down steps located between a shore-side dining facility and the Belle. Said steps were located outside and were exposed to Lake Pontchartrain.
Ms. Henry sued Bally's on January 14, 2000, alleging that the Belle was unseaworthy and that the actions or inactions of the vessel were negligent under the Jones Act. Bally's filed a Motion for Summary Judgment on the issues of unseaworthiness and Jones Act negligence that was heard on January 27, 2007. The district court granted the Motion for Summary Judgment on the issue of unseaworthiness in open court, but the issue of Jones Act negligence was taken under advisement. On March 5, 2007, the district court issued a judgment granting Bally's Motion for Summary Judgment on both the Jones Act and unseaworthiness claims. It is from this judgment that Ms. Henry has taken the instant appeal.
Ms. Henry raises three (3) issues on appeal. First, she contends that the district court erred in failing to follow the summary judgment standard in granting Bally's motion for summary judgment. Her second assignment of error is that the district court erred in granting Bally's motion for summary judgment on the issue of unseaworthiness. Lastly, Ms. Henry maintains that the district court erred in granting Bally's motion for summary judgment on the issue of negligence under the Jones Act.
The standard of review of a summary judgment is de novo. Suskind v. Shervington, XXXX-XXXX (La.App. 4 Cir. 4/16/03), 846 So.2d 93. Furthermore, a motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B).
This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action . . . The procedure is favored and shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2). In 1997, the article was further amended to specifically alter the burden of proof in summary judgment proceedings as follows: "[t]he burden of proof remains with the movant. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La. C.C.P. art. 966(C)(2).
Furthermore, if the movant will not bear the burden of proof at trial, his burden on the motion does not require him to negate all essential elements of the plaintiff's claim, but rather to point out that there is an absence of factual support for one or more elements essential to the claim. Id. If the plaintiff fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Id.
In her first assignment of error, Ms. Henry avers that the district court failed to follow the summary judgment standard and thus was manifestly erroneous and *863 clearly wrong in its grant of Bally's Motion for Summary Judgment, because the parties have disputed several genuine issues of material fact. Ms. Henry alleges that the facts of this case, the condition of Bally's stairs and appurtenances, and Bally's knowledge of the condition of the deck and/or stairs are all genuine issues of material fact that are in dispute.
The mere fact that parties are disputing whether genuine issues of material fact exist does not evidence that genuine issues of material fact do, indeed, exist. Furthermore, Ms. Henry, who bears the burden of proof at trial, did not provide factual support sufficient to establish that she could satisfy her evidentiary burden of proof at trial on her unseaworthiness and/or Jones Act negligence claims.
In her opposition to Bally's Motion for Summary Judgment, Ms. Henry quoted her own testimony to evidence the existence of genuine issues of material fact. However, most of the testimony she cited had already been quoted and interpreted by Bally's in conjunction with relevant caselaw in its Motion for Summary Judgment. Ms. Henry did not controvert the Motion with caselaw, affidavits, or attach any discovery materials to her opposition. Considering that Ms. Henry carries the burden of proof at trial, we agree with the district court in determining that she could not carry her burden of proof at trial. Thus, we find that this assignment of error is without merit.
The second assignment of error raised by Ms. Henry is that the district court erred in granting Bally's Motion for Summary Judgment on the issue of unseaworthiness. She contends that the Bellelike most vesselshad an intended use, but that its intended use is unique from most vessels in that it is a recreational gambling boat.
As an employee on the Belle, Ms. Henry had to traverse the deck and stairs to and from the Belle to the shore-side staff dining area because there was no other route between those two locations. She maintains that the deck and/or stairs is an appurtenance of the Belle and it is a high volume, high traffic area. She contends that the slipperiness of this area created an unsafe hazard that made the boat unseaworthy. She further avers that the deck and/or stairs was a hazard for her as an employee, who was working on a commercial seagoing vessel, because she was not a trained seaman.
In support of her position, she cites Clements v. Chotin Transportation, Inc., 1983 A.M.C. 2402, 496 F.Supp. 163, 166 (D.C.La., 1980), wherein the United States District Court for the Middle District of Louisiana held that ". . . [w]hen equipment is not reasonably fit for its intended use an unseaworthy condition arises. When equipment fails while being put to its intended use, it is a reasonable inference that the equipment was not reasonably fit for its intended use."
Ms. Henry also cites Allen v. Seacoast Products, Inc., et al, 623 F.2d 355, 360 (5th Cir.1980) and Crumady v. Joachim Hendrik Fisser, 358 U.S. 423, 79 S.Ct. 445, 580, 3 L.Ed.2d 413, 1959 A.M.C. 580 (1959), where vessels have been deemed unseaworthy in instances where otherwise seaworthy equipment has been misused or adjusted.
Also cited by Ms. Henry is our court's opinion in Poole v. Elevating Boats, L.L.C., XXXX-XXXX, pp. 6-7 (La.App. 4 Cir. 4/4/07), 956 So.2d 675, 679, that:
[t]he owner of a vessel has a duty to furnish a seaworthy vessel. This duty is absolute and nondelegable. Foster v. Destin Trading Corporation, 96-0803 (La.5/30/97), 700 So.2d 199, 209 (citing Florida Fuels, Inc. v. Citgo Petroleum *864 Corp., 6 F.3d 330, 332 (5th Cir.1993)). It extends to a defective condition of the ship, its equipment, or appurtenances. Id. (citing Phillips v. Western Co. of North America, 953 F.2d 923, 928 (5th Cir.1992)). "Liability for an unseaworthy condition does not depend on negligence, fault or blame. Thus, if an owner does not provide a seaworthy vessel, then no amount of prudence will excuse him, whether he knew of or should have known of the unseaworthy condition." Id. at 202 (citing T.J. Schoenbaum, Admiralty and Maritime Law, Second Edition § 6-26 (1994)).
Yet, the doctrine of unseaworthiness cannot be interpreted without acknowledging that merely because an accident occurs on a ship does not mean that a vessel is unseaworthy. As the district court in Clements, supra, also held:
Thus, in Massey v. Williams-McWilliams, Inc., 414 F.2d 675, 678 (5 Cir. 1969), cert. denied, 396 U.S. 1037, 90 S.Ct. 682, 24 L.Ed.2d 681, on remand 317 F.Supp. 37; the Fifth Circuit held that "there are inevitable hazards some of a very severe nature in the calling of those who go to the sea in ships, hazards which when not occasioned by negligence or unseaworthiness have to be borne by those who follow the calling."
Clements, 496 F.Supp. at 166.
Ms. Henry, as Bally's contends, was following "the calling." Ms. Henry testified that the deck/stair area in question was known to her to have a misty surface. She also testified that aside from the mist on the deck and steps, there was neither puddling of water nor other substances present on the surface of the deck and/or stairs at the time of her accident. She testified that she even invested in shoes with special soles to handle the slippery surfaces to which she had become accustomed while working on the Belle. Lastly, in discussing the shore-side area where she slipped, she testified that ". . . if you know that the facility gets wet, you should just know to be careful all the time in that area."
Bally's cites the case of Rogers v. Gracey-Hellums Corp., 331 F.Supp. 1287 (D.C.La.1970), wherein the Eastern District Court of Louisiana held that certain hazards are ordinary and therefore not unreasonable for a seaman to encounter. We agree. Indeed, we note that Colon v. Trinidad Corporation, 188 F.Supp. 97, 1961 A.M.C. 135 (D.C.N.Y.1960)  which is a direct source of the Eastern District's holding in Rogers, and was cited in a case quoted in the Roger's opinion entitled Jones v. Moore-McCormack Line, Inc., 291 F.Supp. 888, 1968 A.M.C. 1174 (D.C.N.Y.1968)  contains a more emphatic discussion of the hazards a seaman is expected to bear while at sea.
In Colon, the plaintiff sued his employer alleging that he had injured himself on two (2) occasions. The plaintiff alleged that on one occasion he fell on a slippery portion of a deck passageway injuring his left thigh and straining a muscle. The district court for the Southern District of New York rationalized:
What has been said is not to suggest that the owner is obligated to furnish an accident-free ship. The duty is absolute, but it is a duty only to furnish a vessel and appurtenances reasonably fit for their intended use. The standard is not perfection, but reasonable fitness; not a ship that will weather every conceivable storm or withstand every imaginable peril of the sea, but a vessel reasonably suitable for her intended service. Boudoin v. Lykes Bros. S.S. Co., 348 U.S. 336, 75 S.Ct. 382, 99 L.Ed. 354.
In other words, a seaman is not absolutely entitled to a deck that is not slippery. He is absolutely entitled to a *865 deck that is not unreasonably slippery. Plaintiff has not proven to my satisfaction that the area where he claims he fell was in fact slippery, much less that such a condition if present was not normally and reasonably expectable under a standard of reasonable fitness.
It seems only fair that men who make their livelihood on the water can be expected to cope with some of the hazardous conditions that must prevail even on a seaworthy vessel. Any stricter rule would require the intervention of traveling companions to guide and protect sailors in going about the vessel to perform their duties. [Emphasis added]
Colon, 188 F.Supp. at 100.
Ms. Henry wishes to avail herself of seaman status for the purpose of filing her claims, but shies away from stating that she is a seaman because the Belle was allegedly engaged in non-traditional sea vessel activity. Yet, in seeking to avail herself of the benefits of being a seaman, she too must accept the naturally occurring conditions that came with working on a vessel. Nothing in the record indicates that the deck and/or stair area in question was unreasonably slippery. We find that the deck and/or stair area was reasonably fit for its intended use; therefore, this assignment of error is without merit.
Ms. Henry's final assignment of error is that the district court erred in granting Bally's Motion for Summary Judgment on the issue of Jones Act negligence. Recently, in Parfait v. Transocean Offshore, Inc., XXXX-XXXX (La.App. 4 Cir. 8/10/07), ___ So.2d ___, 2007 WL 2473252, our court explained the difference between Jones Act negligence claims and unseaworthiness claims:
Jones Act negligence and unseaworthiness are two separate and distinct claims, Usner v. Luckenbach Overseas Corp., 400 U.S. 494, 498, 91 S.Ct. 514, 517, 27 L.Ed.2d 562 (1971), requiring two different standards of proof. The Jones Act requires only that there be some evidence of negligence, however slight, which caused the plaintiff's injuries. Gautreaux v. Scurlock Marine, Inc., supra[, 107 F.3d 331 (5th Cir. 1997)]. On the other hand, in order to prove a claim of unseaworthiness, a plaintiff must show that the unseaworthy condition of the vessel was the proximate or direct and substantial cause of the seaman's injuries. See Alverez v. J. Ray McDermott & Co., Inc., 674 F.2d 1037, 1042 (5th Cir.1982). Although negligence and unseaworthiness are totally separate concepts, the same factual basis has been used to assert both theories of recovery. See Brunner v. Maritime Overseas Corporation, 779 F.2d 296, 298 (5th Cir.1986), cert. denied, 476 U.S. 1115, 106 S.Ct. 1971, 90 L.Ed.2d 655 (1986).
Parfait, XXXX-XXXX, p. 6, ___ So.2d at ___.
In the district court's reasons for judgment, it explained:
Although the burden of proof for Jones Act negligence is slight, in light of the argument of counsel and the evidence presented, this Court finds that Ms. Henry has failed to present any evidence sufficient to support her contention that Bally's was, in fact, negligent. Furthermore, the Court is of the opinion that conditions caused by mist from Lake Ponchartrain are an ordinary hazard with which seamen must cope. As such, the Court must grant Bally's Motion for Summary Judgment with regards to Ms. Henry's Jones Act negligence claim.
Upon reviewing the record below, we find that the district court did not err in granting Bally's Motion for Summary Judgment on the issue of Jones Act negligence. *866 As the party bearing the burden of proof at trial, Ms. Henry failed to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial. Furthermore, Ms. Henry failed to support her assertion that Bally's had knowledge that there was water present on the deck and/or stairs in question.
Lastly, Ms. Henry testified that she was aware of the misty condition of the deck and/or stairs and the shore-side dining facility in general. As discussed above, Ms. Henry was expected to tolerate the ordinary hazards of working on a vessel as a seaman. She slid on steps that were moist from naturally occurring mist, not, for example, because the accident area had been purposefully or negligently doused with water or a foreign substance.
Because Ms. Henry did not carry her burden of proof in opposing Bally's Motion for Summary Judgment on the issue of Jones Act negligence, we find that this assignment of error is without merit.

DECREE
For the foregoing reasons, the judgment of the district court granting Bally's Motion for Summary Judgment on the issues of unseaworthiness and Jones Act negligence is affirmed.
AFFIRMED.
ARMSTRONG, C.J., concurs in the result reached by the majority.