ON APPLICATION FOR REHEARING
CHARLES R. JONES, Judge.
liThe Application for Rehearing filed by-Anthony Todd is granted for the limited purpose of addressing the issues raised by Mr. Todd in his Answer to Appeal. Mr. Todd specifically raised four (4) issues in his Answer to Appeal: 1) the district court erred in not awarding Mr. Todd anything for loss of future earnings and/or loss of future earning capacity; 2) the judgment of the district court should have found that the injuries caused to Mr. Todd on January 2, 2000, resulted from the unseaworthy condition of the M/V American Queen; 3) the district court’s award of $120,000.00 for past, present and future pain and suffering, mental anguish, and loss of enjoyment of life was abusively low and should be increased, and 4) the district court’s judgment of August 24, 2007, should not have made reference to the bankruptcy laws of the United States of America.
The Appellee’s first issue is that the district court erred in not awarding Mr. Todd anything for loss of future earnings and/or loss of future earning capacity. La. C.C. art. 2324.1, entitled Damages; discretion of judge or jury, provides: “[i]n the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury.” Furthermore, the role of an appellate court in reviewing general 12damages is not to decide what it considers to be an appropriate award of damages, but rather to review the exercise of discretion by the lower court. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993).
The district court set forth various reasons why it did not award Mr. Todd damages for future earnings and/or loss of future earning capacity: 1) he did not present an economist in support of his claim; 2) he failed to present adequate evidence to support such an award; and 3) his extrapolation of future wage loss was inaccurate as it failed to take into account tax consequences and use of a discount rate. We do not find that the district court abused its vast discretion in not awarding Mr. Todd damages. This issue is without merit.
The second issue we consider is that the judgment of the district court should have found that the injuries caused to Mr. Todd on January 2, 2000, resulted from the unseaworthy condition of the M/V American Queen. In reasoning that Mr. Todd did not demonstrate that an unsea-worthy condition was the proximate cause of his injury, the district court set forth in its Reasons for Judgment that the metal cart — that injured Mr. Todd — was customarily used on the M/V American Queen to transport large quantities of canned food. The district court determined as fact that the metal cart was not an unsafe or inappropriate type of equipment to be used by the crew in carrying out said function and that it was reasonably fit for its intended use.
The appropriate standard of review in a Jones Act and unseaworthiness claim is the manifest error or the clearly wrong standard. Foster v. Destin Trading Corp., on rehearing, 96-0803 (La.5/30/97), 700 So.2d 199, 202. Furthermore, as we recently explained in Henry v. Bally’s Louisiana, Inc., 2007-0655, p, 5 (La.App. 4 Cir. 3/19/08), 982 So.2d 860, 864:
*118 Is... the doctrine of unseaworthiness cannot be interpreted without acknowledging that merely because an accident occurs on a ship does not mean that a vessel is unseaworthy.
In the instant case, we do not find that the district court erred in determining that Mr. Todd did not have a viable unseawor-thy claim. This issue is without merit.
Mr. Todd’s third issue is that the district court’s award of $120,000.00 for past, present and future pain and suffering, mental anguish, and loss of enjoyment of life was abusively low and should be increased. In our opinion of August 6, 2008, Todd v. Delta Queen Steamboat Co., 07-1518, *7-8 (La.App. 4 Cir. 8/6/08), 15 So.3d 107, 2008 WL 3119499, we discussed whether the district court abused its discretion in the amount of its award of general damages to Mr. Todd. We rationalized as follows:
[t]he district court is vested with great discretion when awarding damages. Miller v. LAMMICO, 07-1352, p. 28 (La.1/16/08), 973 So.2d 693, 711. “An appellate court may disturb a damages award only after an articulated analysis of the facts discloses an abuse of discretion.” Id. “It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.” Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993). Lastly, under the Jones Act, a plaintiff may recover all of his pecuniary losses (e.g., loss of ' earning capacity, medical expenses, and pain and suffering). Harrison v. Diamond Offshore Drilling Inc., Civ. A. 07-4176 (E.D.La.2008), 2008 WL 708076, p. 17 (citing Cruz v. Hendy Int’l Co., 638 F.2d 719, 723 (5th Cir.1981) and Daigle v. L. & L Marine Transp. Co., 322 F.Supp.2d 717, 730 (E.D.La.2004)).
|4In the case sub judice, Mr. Todd fractured his knee. During his eight (8) month treatment period for his knee fracture, Mr. Todd received a series of Hylagen injections, participated in physical therapy and underwent knee surgery. Moreover, he was diagnosed as having a 15% permanent impairment of his right leg or a 6% whole body permanent impairment. Lastly, Mr. Todd continues to experience knee pain and is unable to work on his feet for an extended period of time.
Furthermore, the district court examined general damage awards for plaintiffs who sustained knee injuries similar to Mr. Todd. The district court examined the general damage awards for plaintiffs who sustained knee injuries in Courville v. Cardinal Wireline Specialists, Inc., 775 F.Supp. 929 (WD.La.1991) and Richard v. St. Paul Fire and Marine Ins. Co., 942112 (La.App. 1 Cir. 6/23/95), 657 So.2d 1087. In Courville, a 29 year-old injured seaman who underwent two knee surgeries and who was forced to give up employment in heavy manual labor was awarded $175,000 in general damages. Courville, 775 F.Supp. at 938. In Richard, a plaintiff sustained a knee injury, underwent arthroscopic surgery and was no longer be capable of performing manual labor. Richard, 657 So.2d at 1092. The First Circuit affirmed the jury’s award of $125,000 in general damages in Richard. Id. The district court’s general damages award in the instant case is consistent with the proceeding awards as well as other general damage awards made within our jurisdiction for knee injuries. We neither find that the district court abused its discretion in awarding Mr. Todd $120,000.00 nor do we find that *119 such an award is excessive in light of the evidence and testimony presented to the district court. Thus, these assignments of error are without merit.
As discussed above, we do not find that the district court abused its discretion in awarding Mr. Todd $120,000.00. The district court’s award was not abusively low where the court considered general damages awards made by other courts (i.e. in Comville and Richard) for plaintiffs who |3sustained similar knee injuries, and awarded general damages in the same range. Thus, this issue is without merit.
Lastly, Mr. Todd argues that the district court’s August 24, 2007 judgment should not have made reference to the bankruptcy laws of the United States of America. The district court rendered an amended judgment on August 24, 2007, setting forth that its total damage award of $379,171.00 was being awarded with judicial interest “as may be permitted by the Bankruptcy Laws of the United States of America.” We explained previously that we interpreted the language of the district court to mean that to the extent that the bankruptcy laws do not permit an award of prejudgment interest, interest would not then be awarded. The language at issue refers solely to the amount of judicial interest that could be awarded to Mr. Todd. This issue is without merit.

DECREE

For the foregoing reasons, we grant the application for rehearing of Anthony Todd, and affirm the opinion of this Court previously rendered.

APPLICATION FOR REHEARING GRANTED.

BELSOME, J., concurs.